# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

BEHROUZ SHOKRI.,

    Plaintiff,

v.

THE BOEING COMPANY, a Delaware corporation,

    Defendant.

Case No. C16-1132 RSM

ORDER REGARDING PENDING DISCOVERY MOTIONS

## I. INTRODUCTION

This matter comes before the Court on the following three discovery motions:

1) Plaintiff's Motion for Leave to Take Three Additional Depositions Beyond the Presumptive Limit Imposed by FRCP 30 (Dkt. #43);

2) Defendant's Motion for Extension of Time for Rebuttal Expert Disclosures and Completion of Expert Discovery (Dkt. #45); and

3) Defendant's Motion to Compel Discovery Requests and to Re-Open Plaintiff's Deposition (Dkt. #49).

The Court has reviewed these motions and now resolves them as set forth below.

## II. BACKGROUND

On July 22, 2016, Plaintiff filed the instant employment matter, alleging that he suffered discrimination and retaliation by Defendant because of his race/national origin (Middle Eastern-Iranian), color, accent and ethnicity. Dkt. #1. Plaintiff alleges that he was an exemplary employee who worked for Defendant for over 29 years. *Id.* at ¶ 2. Plaintiff further

ORDER - 1

alleges that toward the end of 2014, he was assigned a new manager from South Carolina, who almost immediately began discriminating and then retaliating against him, including but not limited to discriminating in the terms and conditions of his employment, unlawfully denying a pay raise, cash award, and promotion, and intentionally discriminating and retaliating against him with regard to his performance and competency evaluations, which directly led to and caused him to be laid off and then terminated from his employment as part of a Reduction In Force ("RIF"). *Id.* Plaintiff seeks monetary and injunctive relief, including pecuniary and nonpecuniary damages, compensatory damages, and punitive damages. *Id.* at ¶ 3. Defendant has denied Plaintiff's allegations. Dkt. #4.

Since the filing of the Complaint and Answer, this matter has proceeded through the normal course of litigation. Trial is currently scheduled for January 22, 2018, the discovery deadline was September 25, 2017, and dispositive motions are currently due by October 24, 2017. Dkt. #12.[1] The instant discovery motions are now ripe for review.

### III. DISCUSSION

#### A. Plaintiff's Motion for Additional Depositions

Plaintiff has moved for leave to take three additional depositions beyond the presumptive limit of 10 depositions imposed by Federal Rule of Civil Procedure 30. Dkt. #43. These depositions would include the two rebuttal experts identified by Defendant, Dr. Gerald Rosen and Mr. Lee Miller, and Defendant's employee Mr. Jose Amoedo. Plaintiff argues that

---

[1] The parties have stipulated to take the depositions of certain expert witnesses, which the Court has allowed, after the discovery deadline. Dkts. #67 an #68. In addition, the parties have stipulated to take the deposition of Defendant's 30(b)(6) witness, which the Court has also allowed, after the discovery deadline. Dkts. #69 and #70.

ORDER - 2

these depositions are not unreasonably cumulative or duplicative of witnesses that have been deposed or are scheduled to be deposed, and the testimony of these witnesses cannot be gathered from any other sources.[2]

Federal Rule of Civil Procedure 30 requires agreement between the parties or leave of the court to take more than 10 depositions. Fed. R. Civ. P. 30(a)(2)(A)(i); *see also* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions . . . under Rule 30."). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013). To make such a showing, a party must show not only that the additional depositions are warranted, but also that the depositions the party has already taken were warranted.

As an initial matter, the Court finds the portion of the motion seeking leave to depose Dr. Rosen and Mr. Miller to be moot. Since the filing of the motion, the parties have stipulated to taking those depositions. Dkts. #67 and #68. Accordingly, to that extent, the motion will be denied.

As for the request for leave to depose Mr. Amoedo, the Court will grant that portion of the motion. Plaintiffs argue that Mr. Amoedo's deposition is necessary because he supervised the manager that allegedly discriminated and retaliated against Plaintiff. Dkt. #43 at 8-10.

---

[2] The parties argue about whether they have properly met and conferred on these issues prior to the filing of this motion, and whether a meet-and-confer was even necessary. *See* Dkts. #42, #44, #53, #53, #59 and #60. The Court will resolve the motion without determining any issues regarding counsels' efforts to meet and confer. However, the Court expects counsel to work cooperatively and professionally moving forward in this matter in an effort not to waste the Court's time and resources in resolving disputes that can and should be resolved by the parties.

ORDER - 3

Plaintiff seeks testimony regarding the manager's work history, performance evaluations, and job competence, all of which Mr. Amoedo has knowledge. *Id.* at 9. While Defendant argues that Plaintiff can obtain this information through other witnesses, *see* Dkt. #52 at 5-6, the Court agrees with Plaintiff that Mr. Amoedo can speak to the manager's competency, demeanor, personnel issues, and behavior, and that such testimony is neither cumulative nor duplicative of the expected testimony of other witnesses. *See* Dkt. #59 at 4. The Court is also not persuaded at this point by Defendant's argument that such testimony is not relevant. Accordingly, the Court will grant this portion of Plaintiff's motion and will allow Plaintiff one additional deposition, for a total of 11 depositions, if that becomes necessary. The Court recognizes that the discovery deadline has passed and addresses that issue in the Conclusion of this Order below.

### B. Defendant's Motion for Extension of Deadlines

Defendant has moved for an Order extending the deadlines for disclosure of its rebuttal experts and expert discovery. Dkt. #45. Defendant also requests that this Court direct Plaintiff to participate in a two-hour interview with its proposed rebuttal human resources expert, and to participate in a Rule 35 examination with its proposed rebuttal psychologist. *Id.* Plaintiff opposes the motion, arguing that Defendant has failed to show good cause for any extension of the deadline, and that the proposed interview and examination are not appropriate in any event. Dkt. #54.[3] For the reasons discussed below, the Court will grant Defendant's motion.

---

[3] Once again, to get to the merits of this motion, the Court has been forced to wade through counsels' bickering and "he said, she said" arguments, which is not only exhausting, but distracts from any legitimate legal authority being presented by the parties.

ORDER - 4

As an initial matter, the Court will allow an extension of time to disclose rebuttal experts and conduct expert discovery. The Court finds good cause has been demonstrated for an extension of time, particularly given the schedules of Dr. Rosen and Mr. Miller. The Court will not waste its time addressing the petty arguing between counsel about whether there was ever an agreement to any extension and whose is at fault for any alleged delay in bringing this motion.

Moving on to Defendant's request for a Rule 35 examination, the Court first notes that under Rule 35, the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed R. Civ. P. 35(a)(1). The Court also has discretion to decide the parameters of the examination. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 511 (E.D. Cal. 2011). "[O]ne of the purposes of Rule 35 is to level the playing field in cases where physical or mental condition is at issue, because '[a] plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or forensic expert.'" *Ashley v. City & Cnty. of San Francisco*, 2013 U.S. Dist. LEXIS 77134, 2013 WL 2386655, at * 3 (N.D. Cal. May 30, 2013) (quoting *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995)).

The parties appear to agree that a Rule 35 psychological examination is appropriate in this case; however, they disagree about the scope and length of the examination. Defendant asks the Court to permit a psychological examination of Plaintiff over a two-day period that will not exceed ten hours. Dkt. #45. Defendant supports its request with the Declaration of Dr. Gerald Rosen, the proposed examiner in this case. Dkt. #47. Dr. Rosen proposes that his

ORDER - 5

examination should proceed as follows: "a six-and-a-half hour meeting (exclusive of breaks) for the purpose of conducting the initial interview and testing; and . . . a second meeting of no more than three-and-a-half hours (exclusive of breaks) for the purpose of additional interview and/or testing as required." Dkt. #47 at ¶ 16.

Dr. Rosen states that this length of time is needed in order to conduct psychological tests and multiple interviews. Dkt. #47 at ¶ 6. He relies on several practice guides and studies that indicate a need for multiple interviews in order to competently examine an individual who may have experienced psychological distress. *Id.* at ¶ ¶ 6-9 and fns. 1-3. Further, Dr. Rosen notes that "[a] properly conducted psychological assessment does not have to be unduly stressful for an individual, particularly when there is sufficient time to discuss items at a pace that is appropriate to the topics at hand and an individual's level of emotionality." *Id.* at ¶ 13. Finally, it is Dr. Rosen's opinion that "Mr. Shokri's clinical presentation requires the assessment of multiple diagnostic concerns that have been accompanied by claims of significant disability." *Id.* at 15.

Plaintiff argues that any Rule 35 exam should be limited to 8.5 hours or less, that certain tests should not be conducted, that other proposed testing should be disclosed in advance, and that a representative of his choosing should be allowed to attend the examination and audio record it. Dkt. #54 at 10-12. Plaintiff's arguments are not supported by any mental health professional.

The Court finds that Dr. Rosen has presented a thorough justification for up to ten hours of examination in these circumstances. Dr. Rosen has explained the way he will use the time and stated valid practical concerns about the pace of the examination and the potential

complexity of Plaintiff's conditions.  The Court agrees it is important that a Rule 35 examination be conducted so that the plaintiff is able to answer questions and complete the testing without feeling rushed.  It is also important that the examining doctor be thorough and careful during the examination.  Defendant's proposed examination allows for an effective examination at a reasonable pace.  Likewise, a number of courts, including this one, have permitted Rule 35 examinations that last approximately ten or more hours.  *See, e.g.*, *Brutscher v. GEICO Gen. Ins. Co.*, 2015 U.S. Dist LEXIS 180702 (allowing an examination by Dr. Rosen with the same parameters proposed here); *Mandujano v. Geithner*, 2011 U.S. Dist. LEXIS 27986, 2011 WL 825728 at * 5 (N.D. Cal. Mar. 7, 2011) (allowing up to fourteen hours of psychiatric and psychological testing over two days, inclusive of breaks); *McDaniel v. Ohio Nat. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 43212, 2010 WL 1413096, at * 2 (D. Colo. Apr. 2, 2010) (allowing up to thirteen hours of psychiatric and psychological testing); *Newman*, 272 F.R.D. at 513 (allowing two five-hour sessions, inclusive of breaks, but leaving open the option of adding time if the "need for multiple breaks causes excessive interruptions to tests and/or prevents completion of the testing.); *Kuhn v. Washington State Dep't of Soc. & Health Servs.*, 2010 U.S. Dist. LEXIS 91977, 2010 WL 3220109, at * 2 (W.D. Wash. Aug. 9, 2010) (allowing two sessions, each lasting approximately five hours, including short breaks but allowing for "slightly more" examination time if needed).

      Dr. Rosen has also presented sufficient explanation as to why advance notice of testing is not appropriate and why an observer should not be present.  Further, the Court notes that Dr. Rosen is planning to audio tape his examination, and a copy of that recording will be made available to Plaintiff's counsel.  For all of these reasons, the Court grants Defendant's motion

ORDER - 7

for a Rule 35 examination with the parameters it proposed.

The Court next turns to Defendant's request that Plaintiff be directed to participate in a two-hour interview with Mr. Miller. The Court will also grant this portion of Defendant's motion. Unlike rebuttal fact witnesses, rebuttal expert witnesses are required to disclose their opinions in a written report prior to trial and are then generally restricted to testifying only as to those opinions. Thus, while Mr. Miller has access to Plaintiff's deposition testimony and his expert's report, he has had no access to Plaintiff himself, and he will not have the benefit of forming opinions after Plaintiff and his expert have been examined and cross-examined at trial. The proposed two-hour video-conference interview does not appear to be invasive and could be accomplished at a time convenient to the Plaintiff. Mr. Miller explains that such an interview is part of his normal practice and is considered best-practice in his field. Dkt. #48 at ¶ 5. Whether his opinions are ultimately considered to be true rebuttal opinions or otherwise relevant is not an issue before the Court at this time. It is premature to make such a determination without the benefit of Mr. Miller's report. For these reasons, the Court grants this portion of Defendant's motion and directs Plaintiff to participate in the requested interview.

**C. Defendant's Motion to Compel Discovery Requests and to Re-Open Plaintiff's Deposition**

Finally, the Court turns to Defendant's Motion to Compel. Defendant asks the Court to Order complete responses from Plaintiff to its Interrogatory Nos. 7 and 22 and Request for Production Nos. 6 and 33. Dkt. #49. Defendant also asks the Court to compel Plaintiff to sit for a continuance of his deposition, which is not to exceed three-and-a-half additional hours, as a result of Plaintiff's untimely production of 14,000 documents just days before his

ORDER - 8

deposition and a supplementation of his Interrogatory responses after his deposition with new assertions of alleged disparate treatment, discrimination and retaliation. Dkt. #49. Plaintiff opposes the motion, arguing that his responses and production of documents are complete, and that there is no legitimate basis to continue his deposition. Dkt. #61. For the reasons discussed below, the Court will grant in part Defendant's motion.

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Defendant's Interrogatory No. 7 states:

> If you contend that Boeing, or any of its agents or representatives, has made any admissions or declarations against interest regarding or relating to the subject matter of this Action, identify all such actions and declarations.

Dkt. #50-3, Ex. C at 11. Plaintiff responded with a laundry list of Objections, but no substantive response. *Id.* at 11-12. Plaintiff incorporated the same Objections into his response to Defendant's corresponding Request for Production No. 6, which sought any

ORDER - 9

documents evidencing any admissions or declarations against interest. Dkt. #50, Ex. D at 7-8. He further stated that any non-privileged documents would be produced.

In response to the instant motion, Plaintiff asserts that he has produced all non-privileged or work product-protected statements and declarations against interest that he is aware of, and that by way of such production he has also answered Defendant's Interrogatory completely. Dkt. #61 at 6-9. The Court agrees with Defendant that this belated response is insufficient. *See* Dkt. #65 at 2-3. Plaintiff did not certify prior to Defendant's motion that he had produced all responsive documents, nor did his answer to Interrogatory No. 7 point to Rule 33(d). Moreover, to the extent that he seeks to rely on Rule 33(d) now, he must specify the documents he believes are responsive in sufficient detail to allow Defendant to readily identify them. Accordingly, the Court grants this portion of Defendant's motion and will direct Plaintiff to fully respond to its Interrogatory No. 7 and Request for Production No. 6 as specified below.

Defendant's Interrogatory No. 22 asks Plaintiff to "[i]dentify any allegation or legal theory that you did not plead in your Complaint but that you may (or intend to) present at trial, as mentioned in paragraph 27 of your Complaint." Dkt. #50, Ex. C at 38-39. Plaintiff responded with numerous Objections. *Id.* at 39. Defendant seeks an Order compelling Plaintiff to substantively answer the Interrogatory. Plaintiff responds that he is not required to answer this question, as doing so would invade privileged attorney work product, and that he has provided proper notice of his claims in any event. Dkt. #61 at 9-11.

The Court agrees with Plaintiff that he has put Plaintiff on notice of his claims in this case, and is not required to state every factual allegation that may support those claims. *See*

ORDER - 10

*20 Federal Practice & Procedure Deskbook* § 72 (explaining that modern notice pleading was designed to remedy the shortcomings of code pleading under which the pleader "was committed to factual statements from which the pleader could not deviate at the trial."); *Affiliated FM Ins. Co. v. LTK Consulting Services, Inc.*, 2012 U.S. Dist. LEXIS 60894, 2012 WL 1533887, 5 (W.D.Wash. 2012) ("Indeed, under notice pleading, a fact alleged in a complaint may be a poor measure of what is to follow.") (punctuation modified); *see, e.g., Cathedral Estates v. Taft Realty Corp.*, 228 F.2d 85, 87 (2nd Cir. 1955) (Where the complaint alleged that the hotel was worth more than the defendants sold it for, but at trial the plaintiffs were only able to prove that the buyer's consideration was worth less than the defendants alleged it to be, there was no "fatal variance between the pleading and the proof" because "[t]he complaint . . . put the defendants on notice that the adequacy of the consideration and the fairness of the transaction in all its aspects might be drawn in question."). Further, given the Court's Order with respect to Plaintiff's deposition discussed below, Defendant will have the opportunity to further question Plaintiff. Accordingly, the Court will deny this portion of Defendant's motion.

Defendant's Request for Production No. 33 seeks "[a]ll documents, including ESI, that you took with you from Boeing either when you left Boeing or in the 2 years preceding your departure from Boeing." Dkt. #50, Ex. D at 34. Plaintiff responded with a number of Objections. *Id.* He did not admit to taking any documents and did not state that he would be producing any documents. *Id.* Interestingly, he has since produced more than 14,000 .pst email files that he had in his possession, which was the entirety of his Boeing email account. Dkt. #50, Ex. J at 260:24-25. Plaintiff has not certified whether those are the entirety of the

ORDER - 11

documents he took from Defendant, and Defendant seeks an Order compelling Plaintiff to either fully produce all such documents or make such certification. Although not entirely clear, Plaintiff appears to contend that he has produced all responsive non-privileged documents. Dkt. #61 at 4-5.

The Court will grant this portion of Defendant's motion. If Plaintiff has indeed produced all responsive documents, he must make such a certification in writing to Defendant. If he has not produced all responsive documents, he must produce them as detailed below.

Finally, the Court addresses Defendant's request to continue Plaintiff's deposition. This portion of the motion shall be granted in part. For the reasons discussed by Defendant, the Court agrees that there is both a legitimate basis and good cause to continue Plaintiff's deposition to inquire about the documents he produced just days before his deposition, and the Interrogatory answers he supplements after his deposition. *See* Dkt. #49 at 9-10. However, given that the e-mails in question consist of documents that should have been accessible to Defendant without Plaintiff's production, and given that there should be limited inquiry at this point in time with respect to Plaintiff's claims, the Court will limit the continuation of Plaintiff's deposition to two hours.

## IV. CONCLUSION

Having reviewed the parties' motions, the oppositions thereto and replies in support thereof, along with the Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Additional Depositions (Dkt. #43) is GRANTED IN PART

and DENIED IN PART AS MOOT for the reasons discussed above. Given that the discovery deadline has passed, Plaintiff has permission to conduct the deposition of Mr. Jose Amoedo after the discovery deadline, but in any case not later than October 24, 2017. Defendant shall work cooperatively with Plaintiff to make Mr. Amoedo available at a mutually-agreeable date and time before October 24, 2017.

2. Defendant's Motion for Extension of Rebuttal Expert Reports and for Expert Discovery (Dkt. #45) is GRANTED.

   a. The deadline to serve rebuttal expert disclosures under is hereby extended to October 29, 2017. The deadline to complete expert discovery is hereby extended to November 28, 2017.

   b. Within 14 days of this Order, Plaintiff SHALL participate in a Fed. R. Civ. P. 35 evaluation with Defendant's rebuttal psychological expert, Dr. Gerald E. Rosen, Ph.D. The evaluation shall be subject to the following parameters:

      i. The length of the evaluation shall not exceed 10 hours, exclusive of breaks, but inclusive of any time spent administering testing. This may include a first meeting for an initial interview and testing of no more than 6.5 hours, and a second meeting of no more than 3.5 hours for additional interview or testing, as required.

      ii. Dr. Rosen need not disclose any anticipated tests in advanced of the evaluation, but may instead determine the appropriate tests at the

ORDER - 13

time of the meetings and after review of the testing findings by Dr. Brown.

    iii. No observer shall be present during the evaluation, but Dr. Rosen shall maintain a digital audio recording of the interviews, which shall be made available to Plaintiff's counsel upon request. Mr. Shokri may maintain his own audio recording of the interviews, should he desire, but he must disclose to Dr. Rosen that he is making such an audio recording.

  c. Within 21 days of the date of this this Order, Plaintiff SHALL participate in a videoconference interview with Defendant's rebuttal expert on damages and mitigation, Lee E. Miller. The interview shall not exceed 2 hours, exclusive of breaks.

3. Defendant's Motion to Compel (Dkt. #49) is GRANDTED IN PART AND DENIED IN PART as discussed above.

  a. With respect to Defendant's Interrogatory No. 7 and the corresponding Request for Production No. 6, **no later than fourteen (14) calendar days from the date of this Order**, Plaintiff SHALL supplement his Interrogatory answer to certify that he is relying on a Rule 33(d) production. He must then identify the documents by specific Bates Stamp Number that he believes are responsive, or otherwise identify the documents in sufficient detail to allow Defendant to readily identify them. He SHALL also supplement his response to Request for Production No. 6 to identify the

ORDER - 14

responsive documents and certify that all responsive documents have been produced.

b. With respect to Defendant's Request for Production No. 33, **no later than five (5) calendar days from the date of this Order**, Plaintiff shall supplement his response to certify that he has produced all responsive documents. Alternatively, if he has not produced all responsive documents, he must supplement his response and produce them.

c. **No later than twenty-one (21) days from the date of this Order**, Plaintiff shall continue his deposition by Defendants. Such deposition shall take place at a mutually-agreeable date and time, and shall last no longer than two hours, exclusive of breaks.

DATED this 29th day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 15