UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BEHROUZ SHOKRI.,

    Plaintiff,

v.

THE BOEING COMPANY, a Delaware corporation,

    Defendant.

Case No. C16-1132 RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Compel. Dkt. #71. Plaintiff seeks an Order compelling Defendant to produce complete responses to several Interrogatories and Requests for Production, confirming that Defendant has waived any objections to his 30(b)(6) deposition notice, and compelling Defendant to designate 30(b)(6) witnesses on several topics. *Id.* Defendant opposes the motion. Dkt. #82. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

## II. BACKGROUND

On July 22, 2016, Plaintiff filed the instant employment matter, alleging that he suffered discrimination and retaliation by Defendant because of his race/national origin (Middle Eastern-Iranian), color, accent and ethnicity. Dkt. #1. Plaintiff alleges that he was an exemplary employee who worked for Defendant for over 29 years. *Id.* at ¶ 2. Plaintiff further alleges that toward the end of 2014, he was assigned a new manager from South Carolina, who

ORDER - 1

almost immediately began discriminating and then retaliating against him, including but not limited to discriminating in the terms and conditions of his employment, unlawfully denying a pay raise, cash award, and promotion, and intentionally discriminating and retaliating against him with regard to his performance and competency evaluations, which directly led to and caused him to be laid off and then terminated from his employment as part of a Reduction In Force ("RIF"). *Id.* Plaintiff seeks monetary and injunctive relief, including pecuniary and nonpecuniary damages, compensatory damages, and punitive damages. *Id.* at ¶ 3. Defendant has denied Plaintiff's allegations. Dkt. #4.

Since the filing of the Complaint and Answer, this matter has proceeded through the normal course of litigation. Trial is currently scheduled for January 22, 2018, the discovery deadline was September 25, 2017, and dispositive motions are currently due by October 24, 2017. Dkt. #12.[1] The instant discovery motion is ripe for review.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] The parties have stipulated to take the depositions of certain expert witnesses, which the Court has allowed, after the discovery deadline. Dkts. #67 an #68. In addition, the parties have stipulated to take the deposition of Defendant's 30(b)(6) witness(es), which the Court has also allowed, after the discovery deadline. Dkts. #69 and #70.

ORDER - 2

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

On this motion, Plaintiff asks the Court to compel responses from Defendant to several Interrogatories and Requests for Production. Dkt. #71. Plaintiff has made it difficult for the Court to discern which specific requests he asserts are deficient, as he has not organized his brief by specific discovery request, but rather by a description of the types of information and documents he has been seeking. Thus, to the best of the Court's capabilities, it addresses Plaintiff's motion as follows.

**A. Interrogatory No. 5 and Requests for Production F and I.**

Plaintiff first appears to seek further responses to his Interrogatory No. 5 and Requests for Production F and I. Dkt. #71 at 8. Plaintiff's Interrogatory No. 5, the corresponding Request for Production I, and Defendant's responses state:

> **INTERROGATORY NO. 5:** If you contend that Plaintiff was properly classified as a System and Data Analyst 4 (BAMA) instead of a Programmer Analyst 4 (BAMB), describe in detail the facts, circumstances and reasoning for that contention. Include in your response an explanation of Plaintiff's job duties and responsibilities and the projects he was working on and how they relate to the requirements for each job code.
>
> **ANSWER:** Boeing further objects to this Interrogatory because it seeks information that is not relevant to Plaintiff's claims. In particular, Plaintiff's allegation in this case is that he was improperly selected for reduction-in-force, not that he was improperly classified as a System and Data Analyst 4 (BAMA) instead of a Programmer Analyst 4 (BAMB). Boeing further objects to this Interrogatory because it is compound and

ORDER - 3

results in Plaintiff propounding more interrogatories than are permissible under the Federal Rules of Civil Procedure. Boeing further objects to this Interrogatory because it is overbroad and unduly burdensome as it demands exacting explanations and information that, if anything, are properly the subject of deposition testimony.

The foregoing objections notwithstanding, Boeing submits the following answer. Plaintiff was properly classified as a System and Data Analyst 4 (BAMA). His performance management goals and objectives aligned with those of a BAMA. Moreover, generally, BAMBs are programmers, develop applications, and write code. Plaintiff was not a programmer for Boeing and very infrequently wrote code while working for John Garrity's team.

Finally, Boeing directs Plaintiff to documents produced in response to Request for Production No. I.

**REQUEST FOR PRODUCTION NO. I:** Produce all documents and communications which relate to, support, refute, or memorialize Boeing's answer to the previous Interrogatory including any written job descriptions for Systems and Data Analyst 4 and Programmer Analyst 4.

**RESPONSE:** Boeing restates its objections to the prior Interrogatory here.

Notwithstanding the foregoing objection, Boeing directs Plaintiff to the written job descriptions for Systems and Data Analyst 4 and Programmer Analyst 4.

Dkt. #72, Ex. 14 at 15-16.

Plaintiff's Request for Production F and Defendant's response state:

**REQUEST FOR PRODUCTION NO. F:** Produce the personnel records of all employees evaluated by John P. Garrity Jr. in 2014, including the Performance Management and Integrated Performance Assessment scores, and RIF Job-Related Competency scores from 2012 through 2015 for each employee.

**RESPONSE:** Boeing objects to this Request because it is overbroad and unduly burdensome, as it demands that Boeing produce an unreasonable amount of information, much of which is not relevant to Plaintiff's claims and not calculated to lead to the discovery of admissible evidence. Boeing objects to this Request because it seeks information outside of the

ORDER - 4

> relevant time period of Plaintiff's Complaint, as Plaintiff has alleged no adverse treatment prior to 2014 (*See* Complaint ¶ 14). Boeing objects to this Request on the basis of relevance for the reasons already set forth. Boeing objects to this Request to the extent that it seeks information protected by general principles of confidentiality, specifically in regard to personal information about other employees.
>
> Notwithstanding the foregoing objections, Boeing submits the following answer. Boeing will produce personnel records of the following Systems and Data Analysts 4, who reported to John P. Garrity at times relevant to Plaintiff's complaint: David C. Caron; Carolyn W. Clark; Deborah M. Holloway; David A. Hurwitz; Patrice Loos; Victor Pajek; Khoa Dang Pham; Rose Anne Shuster; Cary E. Woltkamp. Boeing further directs Plaintiff to the RIF node of the aforementioned employees, which speak for themselves.
>
> **MAY 23, 2017 SUPPLEMENTAL RESPONSE**: Notwithstanding Boeing's prior objections, Boeing directs Plaintiff to performance evaluations for all employees who reported to John P. Garrity.
>
> **JULY 7, 2017 SUPPLEMENTAL RESPONSE**: Notwithstanding Boeing's prior objections, Boeing directs Plaintiff to BOEING_SHOKRI-00006073-75, Integrated Performance Assessment scores assigned by John Garrity for performance years 2014–2016.
>
> **SEPTEMBER 13, 2017 SUPPLEMENTAL RESPONSE**: Subject to and without waiving the foregoing objections, Boeing directs Plaintiff to BOEING_SHOKRI-10545-12202.

Dkt. #72, Ex. 14 at 12-13.

Plaintiff complains that Defendant's responses are deficient because Defendant did not include "Two Minute Drills." Dkt. #71 at 8. Plaintiff also complains that Defendant did not adequately answer the contention portion of the Interrogatory. *Id.* Defendant responds that Plaintiff has requested the "Two Minute Drills" for the first time in this motion, and that such documents are not contained in an employees' personnel records. Dkt. #82 at 4-5. Thus, Defendant asserts that this request is improper and this portion of the motion should be denied. *Id.*

ORDER - 5

The Court agrees with Defendant that the requests, as written, did not put Defendant on notice that Plaintiff was seeking the "Two Minute Drills," particularly because they are not part of the employees' personnel records. *See* Dkt. #82 at 5. Moreover, to the extent that Plaintiff argues the "Two Minute Drills" should be produced because they were requested as part of the 30(b)(6) notice, Plaintiff raises this argument for the first time on Reply. *See* Dkt. #85 at 3. "New arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992), and a court "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). If new facts or arguments are introduced in a reply, the nonmoving party may file a surreply requesting that the court strike the material. Local Rules W.D. Wash. LCR 7(g). In this case, Defendant so moved, and the Court will not consider Plaintiff's newly-raised arguments. *See* Dkt. #89.

With respect to the complaint that Defendant did not answer the contention portion of the Interrogatory, the Court will not compel a further response. As this Court has previously explained, a party is not required to state every factual allegation that may support its claims or defenses. *See* Dkt. #79 at 10-11.

**B. Interrogatory No. 3 and Requests for Production C, D, F and S**

Plaintiff next argues that Defendant did not sufficiently respond to Interrogatory No. 3 and Requests for Production C, D, F and S, which sought personnel records for Plaintiff's former supervisor and all of the employees who reported to that supervisor. Dkt. #71 at 8. Defendant asserts that this portion of the motion is moot because it has produced all of the responsive information and documents except for disciplinary records which are not part of

an employee's personnel file. Dkt. #82 at 3. Plaintiff appears to seek the disciplinary records, which were not produced, as comparator evidence. *See* Dkt. #85 at 2-3. However, the Court agrees with Defendant that such records do not appear relevant based on the actions that Plaintiff challenges with respect to his RIF termination. *See* Dkt. #82 at 3. Indeed, Plaintiff alleges that Defendant relies entirely on Performance Management and Job-Related Competencies evaluations, conducted by an employee's supervising manager along with other recommendations from their manager, to rank employees and identify them for terminations by RIF. Dkt. #1 at ¶ 17. He does not make allegations about any disciplinary actions. *See* Dkt. #1. Defendant asserts that it has provided all requested personnel files, feedback requests and performance feedback documents for the comparator employees. Dkt. #82 at 3. Accordingly, the Court will not compel further responses.

To the extent that Plaintiff argues Defendant waived any Objections to the requests for these documents that were incorporated into his 30(b)(6) Deposition Notice, the Court rejects that portion of the motion as moot, as it has found that Defendant adequately responded as discussed above. Further, in response to the 30(b)(6) Notice, Defendant asserted that all responsive documents had already been produced. Moreover, while Plaintiff made a representation in the fact portion of his motion that Defendant did not timely respond, *see* dkt. #71 at 4, he does not actually make any legal argument in the body of his motion on that issue, *see* dkt. #71 at 11-12. The Court will not address legal arguments made for the first time in Plaintiff's Reply. *See* Dkt. #85 at 1-2.

C. **Defendant's 30(b)(6) Notice**

Finally, Plaintiff asks this Court to compel Defendant to identify a 30(b)(6) witness

ORDER - 7

with knowledge on all topics in his 30(b)(6) Notice. Dkt. #71 at 11-12. Specifically, Plaintiff argues that Defendant has improperly declined to designate a witness for Topics I.A.1, I.A.2, I.A.3, II.A.2, II.A.3, VI., VI.1, VI.2. VI.3, VI.4. VI.5. VI.6, VI.7, VIII.B, VII.B.1, VIII.C, VII.E, VIII.G.1, IX.D.3, and IX.5.g. Dkt. #71 at 5. Defendant objects that the Notice is overbroad and unduly burdensome, and is written in a way that makes it impossible to meaningfully designate witnesses. Dkt. #82 at 8-10. The Court agrees. As the Court has previously found, Plaintiff's proposed set of topics, "is not only enormously overbroad, it appears to be intentionally so." *See Acton v. Target Corp.*, Case No. C08-1149RAJ at Dkt. #81. Accordingly, the Court will not compel Defendant to designate a specific witness or witnesses beyond what it has already designated.

Further, this Court provides the following additional guidance for any 30(b)(6) deposition. Plaintiff may conduct a Rule 30(b)(6) deposition of Defendant, and may use the list of topics attached to his deposition notice. The Court, however, expects the parties to rigorously enforce the 7-hour time limit under Federal Rule of Civil Procedure 30. With the amount of topics and subtopics proposed by Plaintiff, such time limit may leave him with only seconds or minutes to inquire into each area. As Judge Jones stated in his prior Order directed at the same counsel representing Plaintiff in this case, "[t]his seems an extraordinarily unproductive use of [Plaintiff's] time, but he is welcome to use his time as he sees fit." *Id.* However, this Court finds that it would be unreasonable to expect Defendant to be able to fully prepare one or more deponents to respond to every topic. "Should [Plaintiff] discover at the deposition that [Defendant] is unprepared on one or more subjects, it is unlikely he will have anyone to blame but himself. *Id.* Defendant shall make all

ORDER - 8

reasonable efforts to prepare for a productive deposition, but the Court recognizes the difficulty in doing so given Plaintiff's extremely overbroad Rule 30(b)(6) notice. Plaintiff would be well advised to limit the topics to those within the scope of discovery that can be reasonably covered in a 7-hour period.

## IV. CONCLUSION

Having reviewed the parties' motions, the oppositions thereto and replies in support thereof, along with the Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel (Dkt. #71) is DENIED.

DATED this 30 day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE