UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEHROUZ SHOKRI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>    Defendant. | Case No. C16-1132 RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Motion to Seal. Dkt. #106. Plaintiff seeks to file Exhibits CC-KK, NNN, and OOO to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment under seal. *Id.* These documents were marked "Confidential" by Defendant under the parties' Protective Order. *Id.* ¶¶ 1–2. Defendant, as the designating party, must justify sealing the documents. Local Rule CR 5(g)(3).

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL
– 1

For dispositive motions, a party seeking to maintain the secrecy of documents must meet the high threshold of showing that "compelling reasons" support secrecy. *Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). "[C]ourts have recognized the significant interest of non-party employees in keeping their employment files . . . secret." *Aevoe Corp. v. AE Tech. Co.,* No. 2:12-cv-00053-GMN-NJK, 2013 WL 5923426, *2 (D. Nev. Nov. 1, 2013) (citing *Triquint Semiconductor, Inc. v. Avago Techs., Ltd .,* No. CV 09-1531-PHX-JAT, 2011 WL 4947343, *3, 5 (D. Ariz. Oct. 18, 2011)).

The Court, having reviewed the motion, Defendant's response, and the remainder of the record, now finds compelling reasons to GRANT the motion IN PART as follows.

Exhibit CC (Dkt. #111), attached to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, is a personal resume containing private work history details of a non-party to this litigation. The Court finds that the document, possessed by an employer, is an employment file, that redaction is not feasible due to the nature of the document, and that a compelling reason exists to seal the document.

Exhibits EE (Dkt. #113), FF (Dkt. #114), GG (Dkt. #115), HH (Dkt. #116), NNN (Dkt. #120), and OOO (Dkt. #121), attached to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, contain performance evaluations for non-parties to this litigation. Exhibits EE, FF, GG, and HH also contain private information for non-parties to this litigation. The Court finds that the documents

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL
– 2

are employment files, that redaction is not feasible due to the nature of the documents, and that a compelling reason exists to seal the documents.

Exhibit DD (Dkt. #112), attached to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, appears to be an unsolicited critique of a non-party arising from the sender's interaction with the non-party in a business setting. An unsolicited comment by a third party, not sent to the employer in the course of a performance evaluation, is not equivalent to information that employees are required to submit to their employers in the course of seeking employment or being employed or to personal information contained in performance evaluations. The Court finds that the document is not properly characterized as a part of the employment file and does not find a compelling reason to seal the document. Further, the Court notes that the pertinent passages are included in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and that Plaintiff's Opposition was not filed under seal and is not subject to a pending motion to seal. *See* Dkt. #105 at 4, 7, and 22.

Exhibits II (Dkt. #117), JJ (Dkt. #118), and KK (Dkt. #119), attached to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, contain evaluations and ratings of non-parties to this litigation. The Court finds that the documents are employment files and that a compelling reason exists to protect non-party employees' privacy. Defendant—the party that designated the exhibits as "Confidential"—has indicated that it believes redaction of non-party employee identifying information is sufficient to protect its non-party employees and communicated this fact to Plaintiff. Dkt. 126 at 4. The Court agrees, believes that filing with redactions will best protect the public's interest in judicial records while protecting non-parties' privacy, and does not find a compelling reason to file Exhibits II, JJ, and KK under seal.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL
– 3

Accordingly, the Court hereby ORDERS:

1. Plaintiff's Motion to Seal (Dkt. #106) is GRANTED IN PART and DENIED IN PART.

2. Exhibits CC, EE, FF, GG, HH, NNN, and OOO to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkts. #111, #113, #114, #115, #116, #120, and #121) shall REMAIN UNDER SEAL.

3. Exhibit DD to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. #112) shall be immediately UNSEALED BY THE CLERK.

4. <u>No later than seven (7) days from the date of this Order</u>, Plaintiff shall file redacted versions of Exhibits II, JJ, and KK to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkts. #117, #118, and #119), which do not contain the identifying information of non-parties (names, BEMS, and ages). If Plaintiff needs to cross reference individuals, Plaintiff may anonymize the documents using generic monikers as Defendants have, *see* Dkts. #97-8, #98-2, and shall utilize the same generic monikers as Defendant.

5. Exhibits II, JJ, and KK to the Declaration of Scott C.G. Blankenship in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed under seal at Dkts. #117, #118, and #119, shall REMAIN UNDER SEAL.

Dated this 14th day of February 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE