UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEHROUZ SHOKRI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | Case No. C16-1132 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Motion to Seal. Dkt. #135. Plaintiff filed Exhibits EE and FF to the Supplemental Declaration of Scott C.G. Blankenship in Support of Plaintiff's Motion for Partial Summary Judgment under seal. Dkts. #136, #137. Plaintiff filed the exhibits under seal as they were marked "Confidential" by Defendant under the parties' Protective Order. Dkt. #135 ¶¶ 1–2. Plaintiff does not argue that the exhibits should be kept under seal. *Id.* Defendant's also does not argue that the exhibits should be kept under seal and consents to the Court unsealing the exhibits.[1] Dkt. #138.

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana v. City & Cnty. of*

---

[1] The Court does note that Plaintiff may not have made a good faith effort to confer with Defendant prior to filing the exhibits under seal, as required by Local Rule CR 5(g)(1)(A), and that Defendant may not have been afforded a reasonable opportunity to consent to public filing. Dkt. #138.

ORDER DENYING PLAINTIFF'S MOTION TO SEAL – 1

*Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). As related to dispositive motions, a party seeking to maintain the secrecy of documents must meet the high threshold of showing that "compelling reasons" support secrecy. *Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

The Court, having reviewed Plaintiff's Motion, Defendant's Response, and the remainder of the record, finds that no compelling reason supports sealing Exhibits EE and FF to the Supplemental Declaration of Scott C.G. Blankenship in Support of Plaintiff's Motion for Partial Summary Judgment.

Accordingly, the Court ORDERS that Plaintiff's Motion to Seal (Dkt. #135) is DENIED and that Exhibits EE and FF to the Supplemental Declaration of Scott C.G. Blankenship in Support of Plaintiff's Motion for Partial Summary Judgment (Dkts. #136 and #137) shall be immediately UNSEALED BY THE CLERK.

Dated this 16th day of February 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE